**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiffs*
Our File No.: 111514

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Patricia A. Lobosco and Michelina Hoffman, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> Optio Solutions LLC d/b/a Qualia Collection Services, <br><br> Defendant. | Docket No: <br><br> **CLASS ACTION COMPLAINT** <br><br> JURY TRIAL DEMANDED |

Patricia A. Lobosco and Michelina Hoffman, individually and on behalf of all others similarly situated (hereinafter referred to collectively as "*Plaintiffs*"), by and through the undersigned counsel, complain, state and allege against Optio Solutions LLC d/b/a Qualia Collection Services (hereinafter referred to as "*Defendant*"), as follows:

### INTRODUCTION

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, ("FDCPA").

### JURISDICTION AND VENUE

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

1

4. At all relevant times, Defendant conducted business within the State of New York.

## PARTIES

5. Plaintiff Patricia A. Lobosco is an individual who is a citizen of the State of New York residing in Suffolk County, New York.

6. Plaintiff Michelina Hoffman is an individual who is a citizen of the State of New York residing in Suffolk County, New York.

7. Plaintiffs are "consumers" as defined by 15 U.S.C. § 1692a(3).

8. On information and belief, Defendant's principal place of business is located in Petaluma, California.

9. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

10. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

11. Defendant alleges each of the Plaintiffs owe a debt ("the debt").

12. The debts were primarily for personal, family or household purposes and are therefore "debts" as defined by 15 U.S.C. § 1692a(5).

13. Sometime after the incurrence of the debts, Plaintiffs fell behind on payments owed.

14. Plaintiffs' debts were incurred on credit cards issued by Capital One, N.A.

15. At all relevant times herein, Plaintiffs' debts accrued, and were subject to, interest.

16. At all relevant times herein, Plaintiffs' debt accrued, and were subject to, late fees.

17. Thereafter, at an exact time known only to Defendant, the debts were assigned or otherwise transferred to Defendant for collection.

18. In its efforts to collect the debt, Defendant contacted Plaintiff Patricia A. Lobosco by letter dated March 21, 2016. ("**Exhibit 1**.")

19. In its efforts to collect the debt, Defendant contacted Plaintiff Michelina Hoffman by letter dated May 5, 2016. ("**Exhibit 1**.")

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

20. The letters were the initial communication to each Plaintiff received from Defendant.

21. The letters are identical in all material respects.

22. The letters are "communications" as defined by 15 U.S.C. § 1692a(2).

23. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

24. One such requirement is that the debt collector provide "the amount of the debt." 15 U.S.C. § 1692g(a)(1).

25. A debt collector has the obligation not just to convey the amount of the debt, but to convey such clearly.

26. The letter to Plaintiff Lobosco sets forth a "Balance Due" of $1450.34.

27. The letter to Plaintiff Hoffman sets forth a "Balance Due" of $3609.80.

28. The letter to Plaintiff Lobosco sets forth "Fees" of $506.98.

29. The letter to Plaintiff Hoffman sets forth "Fees" of $648.36.

30. The letters fail to disclose whether the "Balance Due" may increase due to additional interest.

31. The letters fail to disclose whether the "Balance Due" may increase due to additional fees.

32. The letters fail to disclose whether the "Fees" may increase.

33. The letters fail to disclose whether the "Fees" may increase.

34. The letters fail to disclose the nature of the "Fees."

35. The letters fail to indicate whether payment of the amount stated would satisfy the debt.

36. The letters fail to indicate whether payment of the amount stated by any date certain would satisfy the debt.

37. The letters fail to include any "safe harbor" language concerning the accrual of interest and/or fees. *Avila v. Riexinger & Associates, LLC*, 817 F.3d 72, 76 (2d Cir. 2016).

38. The letters, because of the aforementioned failures, would render the least sophisticated consumer unable to determine the amount of his or her debt.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

3

39. The letters, because of the aforementioned failures, would render the least sophisticated consumer unable to determine the amount of his or her debt because the consumer would not know whether interest and fees would continue to accrue, or whether the amount of the debt was static.

40. The least sophisticated consumer could reasonably believe that the debt could be satisfied by remitting the "Balance Due" at any time after receipt of the letters.

41. The least sophisticated consumer could also reasonably believe that the "Balance Due" was accurate only on the date of the letters because of the continued accumulation of interest.

42. The least sophisticated consumer could also reasonably believe that the "Balance Due" was accurate only on the date of the letters because of the continued assessment of fees.

43. If interest is continuing to accrue, the least sophisticated consumer would not know how to satisfy the debt because the letters fail to indicate the applicable interest rate, or date of accrual.

44. If late fees are continuing to accrue, the least sophisticated consumer would not know how to satisfy the debt because the letters fail to indicate the amount increase, if any, of fees.

45. For these reasons, Defendant failed to clearly state the amount of the debt.

46. For these reasons, Defendant failed to unambiguously state the amount of the debt.

47. For these reasons, the letters would likely make the least sophisticated consumer uncertain as to the amount of the debts.

48. For these reasons, the letters would likely make the least sophisticated consumer confused as to the amount of the debts.

49. Defendant violated § 1692g as it failed to clearly, explicitly and unambiguously convey the amount of the debt.

50. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

51. The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

52. While § 1692e specifically prohibits certain practices, the list is non-exhaustive,

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

4

and does not preclude a claim of falsity or deception based on any non-enumerated practice.

53. A collection letter is deceptive under 15 U.S.C. § 1692e if it can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate.

54. A collection letter is also deceptive under 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer.

55. 15 U.S.C. § 1692e requires debt collectors, when they notify consumers of their account balance, to disclose whether the balance may increase due to interest and fees. *Avila v. Riexinger & Associates, LLC*, 817 F.3d 72, 76 (2d Cir. 2016).

56. As previously alleged, the least sophisticated consumer could reasonably read the letters to mean that the "Balance Due" was static.

57. As previously alleged, the least sophisticated consumer could also reasonably read the letters to mean that the "Balance Due" was dynamic due to the continued accumulation of interest.

58. As previously alleged, the least sophisticated consumer could also reasonably read the letters to mean that the "Balance Due" was dynamic due to the continued accumulation of fees.

59. Because the letters are susceptible to an inaccurate reading by the least sophisticated consumer, they are deceptive under 15 U.S.C. § 1692e.

60. Because the letters can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate, as described, they are deceptive under 15 U.S.C. § 1692e.

61. Defendant violated 15 U.S.C. § 1692e by using a false, deceptive and misleading representation in its attempt to collect a debt.

## CLASS ALLEGATIONS

62. Plaintiffs bring this action individually and as a class action on behalf of all persons similarly situated in the state of New York from whom Defendant attempted to collect a consumer debt using the same unlawful means described herein, from one year before the date of this Complaint to the present.

63. This action seeks a finding that Defendant's conduct violates the FDCPA, and

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

asks that the Court award damages as authorized by § 1692k(a)(2) of the FDCPA.

64. Defendant regularly engages in debt collection, using the same unlawful conduct described herein, in its attempts to collect delinquent consumer debts from other persons.

65. The Class consists of more than 35 persons from whom Defendant attempted to collect delinquent consumer debts using the same unlawful conduct described herein.

66. Plaintiffs' claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

67. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendants have acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

68. Plaintiffs will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendants' conduct was perpetrated on all members of the Class and will be established by common proof.  Moreover, Plaintiffs have retained counsel experienced in actions brought under the FDCPA.

## JURY DEMAND

69. Plaintiffs hereby demand a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs respectfully request judgment as follows:

    a. Certify this action as a class action; and

    b. Appoint Plaintiffs as Class Representative of the Class, and their

6

attorneys as Class Counsel; and

c.  Find that Defendant's actions violate the FDCPA; and

d.  Grant damages against Defendant pursuant to 15 U.S.C. § 1692k; and

e.  Grant Plaintiffs' attorneys' fees pursuant to 15 U.S.C. § 1692k; and

f.  Grant Plaintiffs' costs; together with

g.  Such other relief that the Court determines is just and proper.

DATED: March 9, 2017

**BARSHAY SANDERS, PLLC**

By: ___*/s/ Craig B. Sanders*___
Craig B. Sanders, Esq.
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
csanders@barshaysanders.com
*Attorneys for Plaintiffs*
Our File No.: 111514